**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL E. RESECKER, | ) | CASE NO.  5:07CV1892 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| THE   PRUDENTIAL   INSURANCE | ) | |
| COMPANY OF AMERICA d/b/a | ) | |
| PRUDENTIAL DISABILITY | ) | |
| MANAGEMENTS SERVICES, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter comes before the Court upon the motions of Defendant Prudential Insurance Company of America ("Prudential") and Daniel E. Resecker ("Resecker") for judgment on the administrative record. (Docs. No. 35 & 37.)[1] For the reasons that follow, Prudential's motion is GRANTED and Resecker's motion is DENIED.

**I.  Factual and Procedural History**

This case arises out of Prudential's denial of long-term disability benefits to Resecker. Resecker had a long-term disability benefits insurance policy through his employer Land O'Lakes Inc. that was administered by Prudential. Resecker was injured in a motor vehicle accident in 1998. (Administrative Record, Doc. No. 22., at 395.)[2] As a result of the accident, Resecker sustained a left shoulder proximal humerus fracture, a right tibia fracture, and sciatic nerve injury. (A.R. at 393.) He eventually underwent total hip replacement in November 1998. (A.R. at 321.)

---

[1] Resecker also filed a motion for oral argument regarding the pending motions. The Court finds that it can evaluate the motions without the need for oral argument and, therefore, the motion is DENIED.
[2] Administrative Record is abbreviated hereinafter as "A.R."

The policy provides benefits when an insured suffers "total disability." The policy states

> "Total disability" exists when Prudential determines that all of these conditions are met:
> (1) Due to sickness or accidental injury, both of these are true:
>   (a) You are not able to perform, for wage or profit, the material and substantial duties of your occupation.
>   (b) After [an initial period], you are not able to perform, for wage or profit, the material and substantial duties of any job for which you are reasonably fitted by your education, training, or experience.
> (2) You are not working at any job for wage or profit.
> (3) You are under the regular care of a Doctor.

Resecker submitted a claim for LTD benefits based on his injuries from the car accident, and Prudential approved Resecker's claim effective February 4, 1999. (A.R. at 297.) Prudential provided him benefits through February 3, 2001. (*Id.*) In October, 2000, Prudential notified Resecker that it had determined that he could perform the material and substantial duties of a job for which he was reasonably fitted by education, training, or experience, so he was no longer eligible for LTD benefits and Prudential would terminate his benefits effective February 3, 2001. (A.R. at 270.) Resecker appealed the decision through two levels of administrative appeals. In addition, when Prudential terminated his benefits in February, 2001, he filed an action in state court. Prudential then filed a separate action against Resecker to recover alleged overpayments. On March 6, 2002, after reviewing the recommendation of an independent physician who had examined Resecker, Prudential reinstated his benefits effective February, 2001, and sent him a check for the benefits he should have received from February, 2001, through March 6, 2002. (A.R. at 242.)

In August, 2003, the parties reached a settlement regarding the two separate actions pending in state court, and both actions were dismissed. For the settlement, Resecker was allowed to keep $10,000 of the alleged overpayments he had received, and the parties agreed his

2

policy would remain in effect, including the provisions regarding eligibility for long-term disability coverage. Prudential paid Resecker benefits throughout 2002, 2003 and 2004.

In December 2004, apparently prompted by the fact that the Social Security Administration had chosen not to provide Resecker disability benefits after 2001, Prudential began another investigation to discern whether Resecker remained eligible for long-term disability benefits. It requested and received the records of Dr. Gregory Vrabec, Resecker's treating physician, regarding his care of Resecker. Dr. Vrabec's records included notes from an office visit on November 23, 2004, where Dr. Vrabec wrote, "I advised him that overall things are remaining stable. I renewed his usual medication for him. I encouraged him to try to be as active as he wishes and try to endeavor in some weight loss." (A.R. at 35.) Prudential then suspected Resecker could perform sedentary work and would no longer qualify for long-term disability benefits, so it requested that he submit to an independent medical examination by Dr. Bina Mehta, M.D. (A.R. at 167-68.)

On July 22, 2005, Dr. Mehta examined Resecker and concluded that Resecker had significant physical limitations remaining due to his vehicle accident. Metha also concluded, however, that no objective evidence supported a finding of impairment from medication, and that Resecker could perform full-time sedentary work if he were able to take frequent breaks. Based upon a review of Dr. Metha's report, Prudential explored employment opportunities for Resecker, and identified occupations that he would be capable of performing given his physical needs and his education, training and experience. It also located an advertised position in Resecker's labor market that met his needs. On August 26, 2005, after Dr. Mehta's examination, Prudential informed Resecker that Prudential had concluded that he longer met the definition of "total disability" under the plan, and thus his long-term disability benefits would be terminated.

(A.R. at 214.) Prudential based its decision upon Dr. Mehta's examination report and the entire administrative record, including Resecker's prior medical records and the decision by the Social Security administration to deny Resecker benefits.[3] In its letter informing Resecker of the termination of long-term disability benefits, Prudential informed him of his right to appeal the decision within 180 days. Resecker did not appeal.

Instead, on May 30, 2007, nearly two years after his benefits were terminated, Resecker brought this action in state court claiming that in August 2005, Prudential breached the terms of the Settlement Agreement and the Long-Term Disability Policy by terminating Resecker's disability benefits. (Doc. No. 1, Attach. 2.) Prudential removed the case on the basis of complete preemption under ERISA, 29 U.S.C. § 1001, *et seq.* It then filed a motion to dismiss Resecker's state law claims. The Court denied the motion but ordered Resecker to amend his complaint because his claim was completely preempted by ERISA. Resecker filed his amended complaint on December 17, 2007.[4] (Doc. No. 28.) Each party now seeks judgment on the administrative record.

## II. Law and Analysis

The Sixth Circuit has made clear that "the administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in

---

[3] The Social Security Administration apparently later reversed its position and granted Resecker long-term disability benefits. Resecker attempts to submit proof of this along with his response brief. The Court's review of an insurance company's denial of benefits, however, is strictly limited to the administrative record. *Rochow v. Life Ins. Co. of N. Am.*, 482 F.3d 860, 865 (6th Cir. 2007). Thus, the Court may only look to the same materials before the claims administrator at the time of the decision, and cannot consider the Social Security Administration's later decision. Alas, because the Court bases its decision in this case upon Resecker's failure to exhaust his administrative remedies, the issue is irrelevant to the outcome in this case.

[4] Resecker's amended complaint actually attempts to state two separate causes of action, one for breach of contract and one for wrongful denial of benefits under ERISA. As the Court previously held in its opinion denying Prudential's motion to dismiss, Resecker's claim for breach of contract is completely preempted by ERISA, and thus he has stated the same cause of action twice in his amended complaint. The Court, therefore, treats the amended complaint as having stated one cause of action for wrongful denial of benefits under 29 U.S.C. § 1132.

4

federal court." *Weiner v. Klais & Co.*, 108 F.3d 86, 90 (6th Cir. 1997).[5] This exhaustion requirement serves multiple purposes

> (1) To help reduce the number of frivolous law-suits under ERISA.
>
> (2) To promote the consistent treatment of claims for benefits.
>
> (3) To provide a nonadversarial method of claims settlement.
>
> (4) To minimize the costs of claims settlement for all concerned.
>
> (5) To enhance the ability of trustees of benefit plans to expertly and efficiently manage their funds by preventing premature judicial intervention in their decision-making processes.
>
> (6) To enhance the ability of trustees of benefit plans to correct their errors.
>
> (7) To enhance the ability of trustees of benefit plans to interpret plan provisions.
>
> (8) To help assemble a factual record which will assist a court in reviewing fiduciaries' actions.

Failure to exhaust administrative remedies typically results in dismissal without prejudice so a claimant may exhaust the administrative process and then seek judicial review of the denial of benefits. *Falandays v. Penn Treaty American Corp.*, 114 F. App'x 738, 738 (6th Cir. 2004). Where a claimant fails to adhere to a reasonable time constraint imposed by the plan for administrative review of a denial of benefits, however, his claim is subject to outright dismissal because remanding to the claims administrator would be useless. *Garst v. Wal-Mart Stores, Inc.*, 30 F. App'x 585, 593 (6th Cir. 2002) (where Plaintiff failed to appeal within plan's 60 day time period for appeal, "her claim was not subject to judicial review because she failed to

---

[5] While a claimant's failure to exhaust his administrative remedies may be excused "where resorting to the plan's administrative procedure would simply be futile or the remedy inadequate," *Coomer v. Bethesda Hosp. Inc.*, 370 F.3d 499, 505 (6th Cir. 2004), this exception is applied where the futility is through no fault of the claimant. *Compare Dozier v. Sun Life Assur. Co. of Canada*, 466 F.3d 532, 536 (6th Cir. 2006) with *Garst*, 30 F. App'x at 593; *Holmes v. P&G*, 228 F. App'x at 379. It would make little sense to require claimants typically to exhaust their administrative remedies, but, after they have waited so long that the time for filing an appeal has expired, to allow them to proceed in court. This would merely reward those who choose to completely disregard the requirement to exhaust, which is grounded in Congress's desire to help develop consistent, efficient, and cost-effective ERISA benefit systems. *See Dozier v. Sun Life Assur. Co. of Canada*, 466 F.3d 532, 536 (6th Cir. 2006).

comply with a reasonable time constraint imposed by the plan for administrative review of denial of her claim.") *Holmes v. P&G Disability Benefit Plan*, 228 F. App'x 377, 379 (5th Cir. 2007) (where Plan review of benefits is time barred, dismissal with prejudice is appropriate); *Gayle v. United Parcel Service*, 401 F.3d 222, 229-30 (4th Cir. 2005) (same); *Terry v. Bayer Corp.*, 145 F.3d 28, 39 (1st Cir. 1998) (explaining "It would hardly make sense to permit the filing of an appeal over one year late in light of the internal claims procedures' aims of consistency and economy," noting the increased probability of inconsistent results where one claimant is held to the limitation and another is not," and reasoning that permitting appeals well after the time for them has passed can only increase the cost and time of the settlement process.")

In this case, Prudential mailed Resecker its decision to terminate his benefits on August 26, 2005. The letter notified Resecker of his right to appeal the decision, but that he had to do so in writing and within 180 days of August 26, 2005.[6] Resecker chose not to appeal the decision. Instead, nearly two years later on May 30, 2007, he filed suit in the Summit County Court of Common Pleas.

Resecker concedes that he chose not to appeal. Instead, he flippantly argues that Prudential never gave notice to his attorney so his failure to exhaust should be excused. It is clear from the administrative record, however, that Resecker (1) asked Prudential to communicate with him, not any attorney; (2) personally received the decision terminating his benefits and informing him of his 180 day window to appeal; and (3) that he told his attorney he had received the letter. (A.R., 201, 209.)  The record thus illustrates that Resecker received notice of the decision from Prudential, just as he had requested from Prudential, and that he chose to forego the administrative appeals process and disregard its deadlines. Dismissal of this claim is thus

---

[6] Prudential apparently chose to give Resecker even more time than the 60 day window provided in the Summary Plan Description. Regardless, Resecker chose to disregard the appeals procedure altogether, so his claim fails even when this Court gives him the benefit of the 180 day time frame provided in Prudential's letter.

warranted. *See Garst*, 30 F. App'x at 593; *Holmes*, 228 F. App'x at 379; *Bright v. Reliance Standard Life Ins. Co*., No. 1:06CV25R, 2006 U.S. Dist. LEXIS 71747, at *16-19 (W.D. KY Sept. 28, 2006); *Boothroyd v. Metlife Group Ins.*, No. 3:05CV427, 2007 U.S. Dist. LEXIS 28112, at *8-10 (E.D. Tenn. Apr. 16, 2007).

## III. Conclusion

For the foregoing reasons, Prudential's Motion for Judgment on the Administrative Record is **GRANTED**, and Resecker's Motion for Judgment on the Administrative Record is **DENIED**.

**IT IS SO ORDERED**.

Dated: July 31, 2008

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**